UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OSCAR GUARDADO and             CIVIL ACTION NO. _____
JOSE ROMERO-CASIMIRO

VERSUS

PALACIOS CONSTRUCTION, LLC

## COMPLAINT

Plaintiffs Oscar Guardado and Jose Romero-Casimiro, residents of the age of majority residing in the Parish of East Baton Rouge, State of Louisiana, file this Complaint against Palacios Construction, LLC, stating the following:

*Jurisdiction and Venue*

1.

This is a Fair Labor Standards Act ("FLSA") lawsuit brought by the plaintiffs pursuant to 29 U.S.C. §201 *et seq.* in connection with defendant's failure to pay them overtime for hours they worked in excess of 40 hours per week.

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (2). The great majority of the facts giving rise to this cause of action occurred within this district, including East Baton Rouge Parish where the employer is domiciled.

*Defendants*

4.

Made defendant herein is Palacios Construction, LLC, a limited liability company organized under the laws of the State of Louisiana, domiciled and having its principal place of business in East Baton Rouge Parish, Louisiana

5.

Palacios Construction, LLC is a construction company providing a number of services to its customers. The plaintiffs worked as construction laborers for Palacios Construction, LLC; their work consisted mainly of manual labor.

6.

Defendant is the plaintiffs' "employer" as that term is defined by the FLSA at 29 U.S.C. 203(d). Defendant suffered or permitted the plaintiffs to work on its crews performing construction work. Defendant controlled the method, manner, location, and time of plaintiffs' work, and it set the hours that the plaintiffs were required to work.

7.

Defendant Palacios Construction, LLC is an "enterprise" engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§203(b) and (s)(1)(A), as Palacios Construction, LLC is a contractor that engages in construction work and utilizes in that work "goods or materials that have been moved in or produced for commerce." *Brock v. Hamad*, 867 F.2d 804, 807 (4th Cir. 1989).

*Defendants' FLSA Violations*

8.

Plaintiff Guardado began working for Palacios Construction, LLC in October of 2018 and stopped working for defendant in late June, early July of 2019.

9.

Plaintiff Romero-Casimiro began working for Palacios Construction, LLC in November of 2018 and stopped working for defendant in May of 2019.

10.

The plaintiffs routinely worked in excess of 40 hours per week, but they were not paid overtime as required by the Fair Labor Standards Act. Instead, Guardado was paid a fixed hourly rate of $18.00 per hour and Romero-Casimiro was paid a fixed hourly rate of $21 per hour, regardless of the number of hours they worked that week.

11.

The plaintiffs had a fairly regular work schedule, working six (6) days weekly. The plaintiffs estimate they worked, on average, at least 50 to 58 hours per week.

12.

Plaintiffs are the non-exempt employees of the defendant under the FLSA.

13.

Under the Fair Labor Standards Act, plaintiffs are entitled to payment of additional wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of their employment.

14.

The defendant knowingly and willfully violated the FLSA. Plaintiffs are therefore also entitled to recover from defendant an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

15.

**WHEREFORE,** plaintiffs pray that after all legal delays and proceedings, there be a judgment rendered in favor of the plaintiffs and against the defendant, Palacios Construction, LLC, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
Vivian Jeansonne (La. Bar Roll No. 37177)
850 North Boulevard
Baton Rouge, LA 70802
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system

*/s/ Daniel B. Davis*
Daniel B. Davis